UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARLEEN BELLARAN,

                    Plaintiff,

-v-

HOME DEPOT,

                    Defendant.

**ANSWER & JURY DEMAND**

Civil No.: 07-CV-6136
Judge Stephen C. Robinson

---

Defendant, **HOME DEPOT**, by its attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., answers the Complaint of plaintiff, ARLEEN BELLERAN, as follows:

1. **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's complaint.

2. **ADMITS** that defendant does business within this judicial district but **DENIES** that defendant is a "multinational corporation" as alleged in paragraph 2 of plaintiff's complaint.

3. **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of plaintiff's complaint.

4. **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of plaintiff's complaint.

5. **ADMITS** that this Court has subject matter jurisdiction pursuant to Title VII and ADEA; **DENIES** that plaintiff has exhausted her administrative remedies.

6. With respect to the allegations contained in paragraph 6 of plaintiff's complaint, **ADMITS** that this Court has jurisdiction under 28 USC § 1331 and 28 USC §1343(3) & (4);

**DENIES** jurisdiction pursuant to 42 USC §1988.

7. **DENIES** the allegations contained in paragraph 7 of plaintiff's complaint.

8. **DENIES** the allegations contained in paragraph 8 of plaintiff's complaint.

9. **DENIES** the allegations contained in paragraph 9 of plaintiff's complaint.

10. **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's complaint.

11. **DENIES** the allegations contained in paragraph 11 of plaintiff's complaint.

12. **DENIES** information sufficient to form a belief to the truth of the allegations contained in paragraph 12 of plaintiff's complaint.

13. **DENIES** the allegations contained in paragraph 13 of plaintiff's complaint.

14. **DENIES** the allegations contained in paragraph 14 of plaintiff's complaint.

15. **DENIES** the allegations contained in paragraph 15 of plaintiff's complaint.

16. **DENIES** the allegations contained in paragraph 16 of plaintiff's complaint.

17. **ADMITS** that defendant prohibits any form of retaliation in response to a protected activity but **DENIES** plaintiff was engaged in a protected activity as alleged in paragraph 17 of plaintiff's complaint.

18. **DENIES** the allegations contained in paragraph 18 of plaintiff's complaint.

19. **DENIES** the allegations contained in paragraph 19 of plaintiff's complaint.

20. **DENIES** the allegations contained in paragraph 20 of plaintiff's complaint.

21. **DENIES** knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's complaint

22. **DENIES** the allegations contained in paragraph 22 of plaintiff's complaint.

23. **DENIES** the allegations contained in paragraph 23 of plaintiff's complaint.

24. **DENIES** the allegations contained in paragraph 24 of plaintiff's complaint.

25. **DENIES** the allegations contained in paragraph 25 of plaintiff's complaint.

26. **DENIES** the allegations contained in paragraph 26 of plaintiff's complaint.

27. **DENIES** the allegations contained in paragraph 27 of plaintiff's complaint.

28. **DENIES** the allegations contained in paragraph 29 of plaintiff's complaint.

## AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

29. Plaintiff has failed to state a claim for which relief can be granted.

## AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

30. This action should be dismissed because plaintiff has failed to obtain personal jurisdiction over the defendant.

## AS AND FOR A THIRD, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

31. This action should be dismissed because defendant has not been properly served.

### AS AND FOR A FOURTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

32. Plaintiff cannot establish a sufficient basis for an award of back or front pay.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

33. Plaintiff has failed to mitigate her damages, if any.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

34. Upon information and belief, plaintiff failed to utilize the applicable corporate policy relative to discrimination, harassment and retaliation concerning the alleged conduct of defendant.

### AS AND FOR AN SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

35. Some or all of plaintiff's claims are barred because at all times defendant acted for legitimate, non-discriminatory reasons.

### AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

36. Defendant has no liability under Title VII of the Civil Rights Act.

**AS AND FOR A NINTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:**

37.  Upon information and belief, plaintiff has not complied with the administrative prerequisites to the commencement of this action and as a result some or all of plaintiff's claims are barred.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:**

38.  Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**AS AND FOR AN ELEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:**

39.  Plaintiff is not entitled to an award of compensatory or punitive damages under federal law.

**AS AND FOR A TWELVETH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:**

40.  Defendant has no liability under Age Discrimination Employment Act.

**AS AND FOR A THIRTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:**

41.  Plaintiff's claims are barred by the doctrines of waiver or estoppel.

### AS AND FOR A FOURTEENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE TO THE ALLEGED CAUSE OR CAUSES OF ACTION CONTAINED IN PLAINTIFF'S COMPLAINT, DEFENDANT FURTHER ALLEGES:

42. Some or all of plaintiff's claims are barred because defendant maintains a policy prohibiting discrimination.

WHEREFORE, for all the foregoing reasons, defendant respectfully requests that plaintiff's complaint be dismissed in its entirety, together with such other and further relief as the Court deems just and proper.

DATED: July 30, 2007

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By:_____/s/_____
    Daniel R. Ryan
    Bar Roll No. DR6389
    Steven Ward Williams, Esq.
    Bar Roll No. SW4036
Attorneys for Defendant
250 South Clinton Street, Suite 600
Syracuse, New York 13202
(315) 474-2911

### JURY DEMAND

Demand is hereby made for a jury trial on all issues.

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By:_____/s/_____
    Daniel R. Ryan
    Bar Roll No. DR6389
    Steven Ward Williams, Esq.
    Bar Roll No. SW4036

TO:    SUSSMAN & WATKINS
        Attorneys for Plaintiff
        40 Park Place
        P.O. Box 1005
        Goshen, New York 10924